EUGENE VAN VEHTEN, DEFENDANT IN ERROR, v. NEW YORK AND NEW JERSEY TELEPHONE AND TELE-GRAPH COMPANY, PLAINTIFF IN ERROR.

Submitted March 17, 1904—Decided November 7, 1904.

Judgment against defendant reversed because of the failure of the trial court to charge, at the request of the defendant, the rule of law specifically pertinent to a bill of exceptions held by the defendant, in which the rule itself had been incorrectly laid down by the trial court.

---

On error to the Union Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices DIXON, GARRISON and SWAYZE.

For the plaintiff in error, *Edward A. & William T. Day.*

For the defendant in error, *Herbert C. Gilson.*

The opinion of the court was delivered by

GARRISON, J. The gravamen of the plaintiff's action was that the defendant had neglected to safeguard with due care an excavation made by it in a public highway. The trial court was requested by the defendant to charge the jury "that the duty of the defendant was to exercise reasonable care in protecting, by a fence or guard, its manhole, and that it was not in the exercise of this duty necessary that it should

provide the best appliances or guards, but only such appliances and guards as were well known and in general use."

This request correctly stated the law and should have been charged, if applicable to the case in hand. Each of the propositions contained in the request was pertinent to the issue that had been tried, and the second of them had been rendered especially pertinent by a bill of exceptions allowed during the progress of the trial. The trial court, while making no specific reference to the request, did in fact charge upon the subject contained in its first proposition, but made no reference at all to the matter contained in its latter proposition.

This second proposition should also have been charged, not alone because it was fairly applicable to the issue that had been tried, but especially because, in the progress of the trial, during the examination of a witness before the jury, the court, in admitting a question over the objection of the defendant, had laid down for the governance of counsel the rule of law incorrectly, to which ruling the defendant held a bill of exceptions in these words:

Question of counsel for plaintiff—

"*Q.* After these manholes are all built, why don't you use barrels and boards?

"*A.* We do.

"*Q.* You do?

"*A.* We generally use barrels and boards, excepting in some cases where we have paving stones—that is, where we run short of barrels we use paving stones, sometimes; use a barrel sometimes, too.

"*Q.* Is that better than these iron rails?

"Mr. Day—I object to that on the ground that the witness says that is never used in this kind of construction.

"The Court—If they can show that you did not use the best possible means to protect this hole, that would throw the liability on you.

"Mr. Day—I know of no such rule as that.

"The Court—I rule so now.

"Mr. Day—I pray an exception to your honor's ruling.

"Exception allowed. Let it be sealed, and it is sealed accordingly.

·  "B. A. VAIL, *Judge.*"

The statement by the court of the rule of law by which the counsel was to be controlled was obviously incorrect, in that it required of the defendant the *best possible* means. Inasmuch as the witness' answer to the specific question did no injury to the defendant, the judgment would not be reversible upon this exception standing alone; but the rule of law stated had application to the conduct of the cause generally within the issue that was submitted to the jury and had been made in the course of the taking of the testimony upon which that issue was submitted; hence, when the defendant, holding such a bill of exceptions, requested the court to instruct the jury correctly upon this point, it was the defendant's right to have its request, in substance, granted—*i. e.,* to have the law correctly stated—so that the erroneous ruling of the court to that extent might be corrected and the impression made by it removed as far as possible from the mind of the jury.

In all respects, therefore, the defendant's request was a proper one and should have been charged, and for the failure of the court to do so the judgment against the defendant must be reversed.